HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GLOBAL DNS LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>KOOK'S CUSTOM HEADERS, INC., a New York corporation,<br><br>Defendant. | Case No.: C08-00268 RSL<br><br>DEFENDANT KOOK'S CUSTOM HEADERS, INC.'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>Note on Motion Calendar:<br>September 5, 2008 |

DEFENDANT KOOK'S CUSTOM HEADERS, INC.'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION - C08-00268 RSL
47194-001 \ 352038.doc

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1

II. FACTS ............................................................................................................................ 2

III. ARGUMENT .................................................................................................................. 4

    A. APPLICABLE LAW ........................................................................................... 4

        1. The Declaratory Judgment Act ................................................................ 4

        2. The Anticybersquatting Consumer Protection Act .................................. 5

        3. Trademark Cancellation Proceedings ....................................................... 5

    B. KOOKS CUSTOM HEADERS' COVENANT NOT TO SUE REMOVES ANY ACTUAL CONTROVERSY BETWEEN THE PARTIES AND THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY .......................... 7

    C. THERE IS NO ACTUAL CONTROVERSY BETWEEN THE PARTIES UNDER THE ACPA BECAUSE THE DOMAIN NAME WAS NEVER SUSPENDED, DISABLED, OR TRANSFERRED ..................................................... 8

    D. THE TRADEMARK CANCELLATION CLAIM SHOULD BE BROUGHT BEFORE THE TTAB BECAUSE THERE ARE NO INDEPENDENT GROUNDS FOR DECLARATORY JUDGMENT TO WHICH THE CANCELLATION CLAIM IS APPENDED ............................................................ 9

IV. CONCLUSION ............................................................................................................. 10

DEFENDANT KOOK'S CUSTOM HEADERS, INC.'S MOTION TO
DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION - C08-00268 RSL

-i-

47194-001 \ 352038.doc

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

# TABLE OF AUTHORITIES

## Cases

*Barcelona.com v. Excelentisimio Ayuntamiento de Barcelona,*
   330 F.3d 617 (4th Cir. 2003) .............................................................................. 5, 8

*Benitec Australia, Ltd. v. Nucleonics, Inc.,*
   495 F.3d 1340 (Fed. Cir. 2007) ......................................................................... 4, 7, 8

*Clamp-All Corp. v. Cast Iron Soil Pipe Institute,*
   No. 84-1325, 1987 U.S. Dist. LEXIS 2763 (D. Mass. March 31, 1987) ............... 6, 9

*Maljack Productions Inc. v. Motion Picture Association of America,*
   No. 90-1121, 1992 U.S. Dist. LEXIS 3105 (D.D.C. March 16, 1992), *rev'd on other grounds,* 311 U.S. App. D.C. 224 (D.C. Cir. April 28, 1995) .............................. 6, 9

*Medimmune, Inc. v. Genentech, Inc.,*
   127 S. Ct. 764 (2007) .......................................................................................... 1, 4, 7

*Performance Industries Inc. v. Morton International Inc.,*
   No. 91-4899, 1992 U.S. Dist. LEXIS 3257 (E.D. Pa. March 10, 1992), *aff'd,* 977 F.2d 569 (3d Cir. 1992) .............................................................................................. 6, 9

*Sallen v. Corinthians Licenciamentos LTDA,*
   273 F.3d 14 (1st Cir. 2001) ...................................................................................... 8

*Spectronics Corp. v. H.B. Fuller Co.,*
   940 F.2d 631 (Fed. Cir. 1991) ................................................................................. 4

*Steffel v. Thompson,*
   415 U.S. 452 (1974) ................................................................................................ 8

*Super Sack v. Chase Packaging Corp.,*
   57 F.3d 1054 (Fed. Cir. 1995) ................................................................................. 7

*Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.,*
   482 F.3d 1330 (Fed. Cir. 2007) ............................................................................... 8

*Universal Sewing Machine Co. v. Standard Sewing Equipment Corp.,*
   185 F. Supp. 257 (S.D.N.Y. 1960) ....................................................................... 6, 9

*Wilton v. Seven Falls Co.,*
   515 U.S. 277 (1995) ................................................................................................ 4

## Statutes

15 U.S.C. § 1064 ................................................................................................. 5, 10

15 U.S.C. § 1114(2)(D)(ii)(II) .................................................................................. 5

15 U.S.C. § 1114(2)(D)(v) ................................................................................ 1, 5, 8

15 U.S.C. § 1119 ................................................................................................... 6, 9

15 U.S.C. § 1125(d)(1)(A) ....................................................................................... 5

28 U.S.C. § 2201 ...................................................................................................... 4

## Other Authorities

J. Thomas McCarthy, 6 McCarthy on Trademarks § 32:55 (4th ed. 1996) ............. 6, 9

DEFENDANT KOOK'S CUSTOM HEADERS, INC.'S MOTION TO
DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION - C08-00268 RSL

47194-001 \ 352038.doc

-ii-

**STOKES LAWRENCE, P.S.**
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

# I. INTRODUCTION

Defendant Kook's Custom Headers, Inc. ("Kooks Custom Headers") respectfully submits this memorandum in support of its motion to dismiss for lack of subject matter jurisdiction plaintiff Global DNS, LLC's ("Global DNS") complaint for (1) declaratory relief of non-infringement and lawful use of the <kooks.com> domain name ("the Domain Name") under the Anticybersquatting Consumer Protection Act (ACPA) and the Lanham Act; and (2) cancellation of Trademark Reg. No. 2,475,295 ("the KOOKS trademark").

To prove subject matter jurisdiction, Global DNS must show the Court that a dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests", and is "real and substantial." *Medimmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (2007). Under all the circumstances, there must be "a substantial controversy, between parties having legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (citation omitted). Global DNS cannot meet its burden.

Regarding Global DNS's claim for declaratory relief with respect to the Domain Name, Kooks Custom Headers has promised not to assert any claim against Global DNS, which divests this Court of jurisdiction. Furthermore, because Global DNS recently prevailed in *Kooks Custom Headers, Inc. v. Global DNS, LLC*, Case No. D2008-0233 (April 15, 2008) before the World Intellectual Property Organization ("WIPO") Arbitration and Mediation Center ("the Center") under the Uniform Domain Name Dispute Resolution Policy ("the Policy"), jurisdiction is necessarily lacking because the Domain Name was not "suspended, disabled, or transferred" under 15 U.S.C. § 1114(2)(D)(v). Regarding Global DNS's claim for cancellation of the KOOKS trademark, that claim must be dismissed because a cancellation proceeding must be brought before the Trademark Trial and Appeal Board ("TTAB") unless there are other, independent grounds for declaratory relief to which the cancellation claim is appended, which there are not.

DEFENDANT KOOK'S CUSTOM HEADERS, INC.'S MOTION TO
DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION - C08-00268 RSL

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

47194-001 \ 352038.doc      -1-

1     In fact, the only reason Global DNS continues to press forward with this baseless lawsuit is to retaliate against Kooks Custom Headers for having brought a WIPO action seeking cancellation of Global DNS's domain name.

## II. FACTS

    Kooks Custom Headers, based in Bayshore, New York, manufactures, installs, and distributes custom headers (high-performance exhaust manifolds) and other exhaust system parts for automobiles and motorcycles. Kooks Custom Headers' KOOKS trademark was registered on August 7, 2001, based on a first use in commerce date of January 1, 1962.

    Global DNS is the owner of the <kooks.com> domain name. Global DNS previously operated the Domain Name as a "parking page" that offered links to content presumably provided by search engines such as Google, Inc. and Yahoo! Inc. (Ex. 1, February 13, 2008 printout of Domain Name).[1] For example, the first listing in the left frame of the landing page associated with the Domain Name was "Kooks Headers." (*Id.*). However, instead of reaching the Kooks Custom Headers website, clicking on the "Kooks Headers" link generated a page listing "Sponsored Links", which included links to third party competitors of Kooks Custom Headers. (Ex. 2, February 13, 2008 printout of "Sponsored Links").

    In view of the likelihood of confusion resulting from Global DNS's use of the Domain Name, on February 14, 2008, Kooks Custom Headers filed an administrative complaint ("WIPO Complaint") seeking to have the Domain Name transferred from Global DNS to Kooks Custom Headers. (Ex. 3, WIPO Complaint). In response, Global DNS filed the present action that same day.

    After being served with the WIPO Complaint, Global DNS disassociated the Domain Name from the domain parking services, removed any and all content directed to Kooks Custom Headers and its competitors, and posted its own content on the website relating to the administrative dispute and the present action. (*See, e.g.*, Ex. 4, July 15, 2008 printout of Domain

---

[1] References to "Ex." are to the exhibits attached to the Declaration of Jonah O. Harrison submitted in support of this motion.

DEFENDANT KOOK'S CUSTOM HEADERS, INC.'S MOTION TO
DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION - C08-00268 RSL
47194-001 \ 352038.doc -2-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

1  Name). The new content associated with the Domain Name describes the present dispute and
2  suggests that Global DNS filed the Washington action as a form of retribution; Global DNS
3  wants to "mak[e] it expensive" for Kooks Custom Headers and "absolutely refuse[s] to make it
4  cheap and easy". (*Id.*, pp. 1, 3). The new content goes so far as to remind counsel for Kooks
5  Custom Headers: "Don't Forget to Bill Your Client!" (*Id.*, p. 1).

6  On February 21, 2008, Global DNS submitted to the Center a Request for Suspension of
7  Proceedings in light of the pending Washington action. Kooks Custom Headers filed its
8  opposition thereto on February 25, 2008, and WIPO denied Global DNS's Request for
9  Suspension of Proceedings on February 27, 2008.

10  Global DNS filed its Response to the WIPO Complaint on March 18, 2008 and argued,
11  *inter alia*, that it was unaware of Kooks Custom Headers until being served with the WIPO
12  Complaint. (Ex. 5, March 18, 2008 Response, p. 4). Global DNS also explained that the
13  objectionable content would have been removed from the Domain Name had Kooks Custom
14  Headers simply asked it to do so. (Ex. 6, Declaration of Brian Cartmell in Support of March 18,
15  2008 Response, p. 3). Kooks Custom Headers filed a Supplemental Response on March 21,
16  2008.

17  In its administrative panel decision, WIPO concluded that Global DNS did not have
18  legitimate rights or interests in the Domain Name and, moreover, had used the domain name in
19  bad faith. However, WIPO ultimately denied the Kooks Custom Headers' Complaint. Despite
20  finding that Global DNS used the domain name in bad faith, WIPO refused to order the transfer
21  of the Domain Name from Global DNS to Kooks Custom Headers, because Kooks Custom
22  Headers was unable to show that Global DNS had originally *registered* the Domain Name in bad
23  faith, a prerequisite for the relief sought by Kooks Custom Headers. (Ex. 7, April 4, 2008
24  Administrative Panel Decision, pp. 6-9).

DEFENDANT KOOK'S CUSTOM HEADERS, INC.'S MOTION TO
DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION - C08-00268 RSL
47194-001 \ 352038.doc                    -3-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

## III. ARGUMENT

### A. APPLICABLE LAW

#### 1. The Declaratory Judgment Act

The Declaratory Judgment Act, 28 U.S.C. § 2201, under which Global DNS filed this suit, provides in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

A case or controversy under Article III of the U.S Constitution must exist for a federal court to have jurisdiction over a declaratory judgment action. "The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and *that it has continued since.*" *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1344 (Fed. Cir. 2007) (emphasis added) (citations omitted).

In *Medimmune*, the Supreme Court reaffirmed the proper standard for determining whether a declaratory judgment action satisfies the Article III case or controversy requirement:

> 'The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests.' Finally, '[i]t must be a real and substantial controversy . . . as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.' . . . '[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'

*Medimmune*, 127 S. Ct. at 771 (internal citations omitted).

Finally, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995); *see also Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 634 (Fed. Cir. 1991) ("When there is an actual controversy and thus jurisdiction, the exercise of that jurisdiction is discretionary.").

DEFENDANT KOOK'S CUSTOM HEADERS, INC.'S MOTION TO
DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION - C08-00268 RSL
47194-001 \ 352038.doc                -4-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

### 2. The Anticybersquatting Consumer Protection Act

Pursuant to the Anticybersquating Consumer Protection Act ("ACPA"), a cybersquatter is potentially liable to the owner of a protected mark if that person:

> (a)(i) has a bad faith intent to profit from that mark, including a personal name which is protected as a mark under this section; and
>
> (a)(ii) registers, traffics in, or uses a domain name that --
>
> (I) in the case of a mark that is distinctive at the time of registration of the domain name, is identical or confusingly similar to that mark . . . .

15 U.S.C. § 1125(d)(1)(A).

The ACPA is limited by 15 U.S.C. § 1114(2)(D)(v), also known as the "reverse domain hijacking provision", which provides:

> A domain name registrant whose domain name *has been suspended, disabled, or transferred* under a policy described under clause (ii)(II) may, upon notice to the mark owner, file a civil action to establish that the registration or use of the domain name by such registrant is not unlawful under this chapter. The court may grant injunctive relief to the domain name registrant, including the reactivation of the domain name or transfer of the domain name to the domain name registrant.

(emphasis added).[2]

Therefore, to establish a right to bring an action for relief under the reverse hijacking provision "a plaintiff must establish . . . that its domain name was suspended, disabled, or transferred under a policy implemented by a registrar as described in 15 U.S.C. § 1114(2)(D)(ii)(II) . . . ." *Barcelona*, 330 F.3d at 626.

### 3. Trademark Cancellation Proceedings

Any party may file a petition with the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office to cancel a federally registered trademark under 15 U.S.C. § 1064, which provides in relevant part:

> A petition to cancel a registration of a mark . . . may . . . be filed as follows by any person who believes that he is or will be damaged .

---

[2] The Uniform Domain Name Dispute Resolution Policy is "a policy described under clause (ii)(II)" that has been recognized to give rise to a § 1114(2)(D)(v) claim. *See, e.g., Barcelona.com v. Excelentisimo Ayuntamiento de Barcelona*, 330 F.3d 617, 626 (4th Cir. 2003).

DEFENDANT KOOK'S CUSTOM HEADERS, INC.'S MOTION TO
DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION - C08-00268 RSL
47194-001 \ 352038.doc
-5-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

> . . by the registration of a mark . . . [a]t any time if the registered mark becomes the generic name for the goods or services, or a portion thereof, for which it is registered, or is functional, or has been abandoned, or its registration was obtained fraudulently . . . .

Courts also have the power to cancel registrations under 15 U.S.C. § 1119:

> In any action involving a registered mark the court may determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action.

Nevertheless, if the "sole basis of a claim for declaratory judgment [is a request for cancellation of a federally registered trademark], the court should dismiss the case and relegate the party to the administrative [TTAB] process . . . ." J. Thomas McCarthy, 6 McCarthy on Trademarks § 32:55 (4th ed. 1996). "There is no doubt that the federal courts have [the] power of cancellation. However, deference to administrative adjudication demands that this power not be exercised unless there are independent grounds for declaratory judgment to which the cancellation claim is appended." *Id.*; *see also Clamp-All Corp. v. Cast Iron Soil Pipe Institute*, No. 84-1325, 1987 U.S. Dist. LEXIS 2763, *21 n.12 (D. Mass. March 31, 1987) (recognizing that 15 U.S.C. § 1119 is not an independent source of jurisdiction); *Maljack Productions Inc. v. Motion Picture Association of America*, No. 90-1121, 1992 U.S. Dist. LEXIS 3105, *4-5 (D.D.C. March 16, 1992) (same), *rev'd on other grounds*, 311 U.S. App. D.C. 224 (D.C. Cir. April 28, 1995); *Universal Sewing Machine Co. v. Standard Sewing Equipment Corp.*, 185 F. Supp. 257, 259 (S.D.N.Y. 1960) ("one seeking cancellation offensively and relying solely upon that claim for federal jurisdiction would seem to be relegated to first exhausting his administrative remedies before resorting to the courts"); *Performance Industries Inc. v. Morton International Inc.*, No. 91-4899, 1992 U.S. Dist. LEXIS 3257, *8 (E.D. Pa. March 10, 1992), *aff'd*, 977 F.2d 569 (3d Cir. 1992).

DEFENDANT KOOK'S CUSTOM HEADERS, INC.'S MOTION TO
DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION - C08-00268 RSL
47194-001 \ 352038.doc                -6-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

### B. KOOKS CUSTOM HEADERS' COVENANT NOT TO SUE REMOVES ANY ACTUAL CONTROVERSY BETWEEN THE PARTIES AND THE COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY

Applying *Medimmune*, and taking into consideration "all the circumstances," Global DNS cannot show the existence of a "substantial controversy" that is "definite and concrete" and "of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Benitec*, 495 F.3d at 1343-44 (citing *Medimmune*, 127 S. Ct. at 771). Kooks Custom Headers has provided to Global DNS a covenant not to sue. (Ex. 8, Covenant Not to Sue). The covenant promises not to sue Global DNS under the trademark laws for its previous and present conduct relating to the Domain Name. Such a covenant divests this court of jurisdiction because there is no longer any actual controversy. *See, e.g., Benitec*, 495 F.3d at 1347-48 (affirming the dismissal of declaratory judgment counterclaims for patent invalidity and unenforceability since no legal threat existed where Benitec voluntarily dismissed its patent infringement claims and granted a covenant not to sue); *Super Sack v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) (unconditional agreement "not to sue Chase for infringement as to any claim of the patents-in-suit based upon the products currently manufactured and sold by Chase" was sufficient to divest the court of jurisdiction over Chase's counterclaims for non-infringement, invalidity and unenforceability).

In addition, Global DNS has removed the objectionable content from its website that prompted Kooks Custom Headers to bring the WIPO proceeding and has emphasized such removal as indicative of Global DNS's good faith. (Ex. 5, March 18, 2008 Response, p. 4). Global DNS has also insisted that it would have removed the objectionable content had it known Kooks Custom Headers planned to file the WIPO proceeding. (Ex. 6, Declaration of Brian Cartmell in Support of March 18, 2008 Response, p. 3). Consequently, the Domain Name is now free of any misleading links or advertising for third party competitors of Kooks Custom Headers (Ex. 9, July 15, 2008 printout of Domain Name), *and* Kooks Custom Headers has covenanted that it will not bring any action against Global DNS based on the current website content. Thus, Global DNS is not engaged in any "present activity" placing it at risk of an

DEFENDANT KOOK'S CUSTOM HEADERS, INC.'S MOTION TO
DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION - C08-00268 RSL
47194-001 \ 352038.doc                    -7-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

infringement suit. *See Benitec*, 495 F.3d at 1348 ("Nucleonics has therefore not met its burden of showing that it is engaged in any *present activity* that could subject it to a claim of infringement by Benitec.") (emphasis added).

Global DNS's deletion of objectionable content from the <kooks.com> website and the covenant not to sue have removed any controversy that may have existed at the time this action was filed. *Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974) ("The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint [was] filed."). An opinion advising what the outcome would be upon a hypothetical state of facts (*e.g.*, if Global DNS re-introduced some as yet unidentified content on its website) would be merely advisory. *Benitec*, 495 F.3d at 1349 (quoting *Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.*, 482 F.3d 1330 (Fed. Cir. 2007) ("the Supreme Court maintains the necessity of avoiding issuing advisory opinions on hypothetical facts")).

### C.   THERE IS NO ACTUAL CONTROVERSY BETWEEN THE PARTIES UNDER THE ACPA BECAUSE THE DOMAIN NAME WAS NEVER SUSPENDED, DISABLED, OR TRANSFERRED

An independent basis also exists for dismissal of Global DNS's ACPA claim. In paragraph 23 of its "First Cause of Action", Global DNS states that "there is an actual controversy with respect to whether Defendant is entitled to transfer of the Domain Name based on Defendant's rights under the ACPA." ([D.E.] 1, Complaint, p. 4). However, in paragraph 20 of its "Facts", Global DNS recognizes that such a claim may only be brought by "a domain name registrant 'whose domain name has been suspended, disabled, or transferred . . . .'" (*Id.*, p. 4) (internal citation omitted); *see also Barcelona*, 330 F.3d at 626 (recognizing that to establish a right of relief under the reverse hijacking provision the registrant's domain name must have been suspended, disabled, or transferred, or at minimum, ordered to be transferred or deactivated even if the actual transfer or deactivation has not yet occurred).

Under 15 U.S.C. § 1114(2)(D)(v), a domain name holder can bring a declaratory judgment action if it loses in an administrative proceeding. *See Sallen v. Corinthians Licenciamentos LTDA*, 273 F.3d 14, 27 (1st Cir. 2001) ("Congress has provided a cause of action

DEFENDANT KOOK'S CUSTOM HEADERS, INC.'S MOTION TO
DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION - C08-00268 RSL

47194-001 \ 352038.doc                    -8-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

[under § 114(2)(D)(v)] to recover domain names *lost* in UDRP proceedings.") (emphasis added). But Global DNS prevailed in the WIPO proceeding, and its <kooks.com> domain name was not suspended, disabled, or transferred to Kooks Custom Headers. As such, Global DNS's claim under the ACPA for declaratory judgment should be dismissed.

### D. THE TRADEMARK CANCELLATION CLAIM SHOULD BE BROUGHT BEFORE THE TTAB BECAUSE THERE ARE NO INDEPENDENT GROUNDS FOR DECLARATORY JUDGMENT TO WHICH THE CANCELLATION CLAIM IS APPENDED

For reasons previously described, *supra*, as a consequence of Kooks Custom Headers' covenant not to sue, this Court lacks subject matter jurisdiction with respect to all causes of action in the Global DNS Complaint. However, should this Court find that the covenant not to sue does not divest this Court of jurisdiction with respect to Global DNS's claim for cancellation of the KOOKS trademark, that cause of action should nevertheless be dismissed because there is an alternative independent reason why this claim lacks subject matter jurisdiction.

Although a declaratory plaintiff can seek cancellation of a federally registered trademark by bringing a declaratory judgment action, there must be some ground of federal jurisdiction apart from the claim for cancellation. J. Thomas McCarthy, 6 McCarthy on Trademarks § 32:55 (4th ed. 1996); Clamp-All, 1987 U.S. Dist. LEXIS 2763, *21 n.12 (recognizing that 15 U.S.C. § 1119 is not an independent source of jurisdiction); *Maljack*, 1992 U.S. Dist. LEXIS 3105, *4-5 (same); *Universal Sewing Machine Co. v. Standard Sewing Equipment Corp.*, 185 F. Supp. 257, 259 (S.D.N.Y. 1960) ("one seeking cancellation offensively and relying solely upon that claim for federal jurisdiction would seem to be relegated to first exhausting his administrative remedies before resorting to the courts"); *Performance Industries Inc. v. Morton International Inc.*, No. 91-4899, 1992 U.S. Dist. LEXIS 3257, *8 (E.D. Pa. March 10, 1992), *aff'd*, 977 F.2d 569 (3d Cir. 1992) ("With respect to . . . cancellation. . . the court finds that this claim must also be dismissed for lack of subject matter jurisdiction. . . . [C]ourts have held that a plaintiff with no registered mark cannot obtain jurisdiction in federal court by relying on Section 37 of the Lanham Act alone. . . . There must be some other independent ground of jurisdiction . . .").

DEFENDANT KOOK'S CUSTOM HEADERS, INC.'S MOTION TO
DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION - C08-00268 RSL
47194-001 \ 352038.doc                        -9-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

1  Here, at a minimum, Kooks Custom Headers' covenant not to sue has divested this court
2  of jurisdiction of Global DNS's Lanham Act and ACPA claims, leaving only Global DNS's
3  claim for trademark cancellation. Because there is no other basis for federal jurisdiction
4  supporting that claim, this court should dismiss it and relegate Global DNS to its administrative
5  remedy under 15 U.S.C. § 1064.

## IV. CONCLUSION

For the reasons stated above, the Court should grant defendant Kooks Custom Headers' motion and dismiss Global DNS's Complaint for declaratory relief in its entirety for lack of subject matter jurisdiction.

DATED this 7th day of August, 2008.

STOKES LAWRENCE, P.S.


By: s/ Jonah Harrison
    Bradford J. Axel (WSBA #29269)
    Jonah Harrison (WSBA #34576)


COHEN PONTANI LIEBERMAN & PAVANE LLP

Martin Pavane (Admitted *Pro Hac Vice*)
Mher Hartoonian (Admitted *Pro Hac Vice*)
551 Fifth Avenue
New York, NY 10176
(212) 687-2770
Email:   mpavane@cplplaw.com
         mhartoonian@cplplaw.com

Attorneys for Defendant Kook's Custom Headers, Inc.

DEFENDANT KOOK'S CUSTOM HEADERS, INC.'S MOTION TO
DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER
JURISDICTION - C08-00268 RSL
47194-001 \ 352038.doc                    -10-

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 7th, 2008, I caused the foregoing *Defendant Kook's Custom Headers, Inc.'s Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction, Declaration of Jonah O. Harrison, and [Proposed] Order* to be:

☒   electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

derek@newmanlaw.com
randy@newmanlaw.com
duwors@newmanlaw.com

☐   mailed by first class United States mail, postage prepaid, to the following:

☐   hand delivered to the following:

☐   e-mailed and mailed by first class United States mail, postage prepaid, to the following:

☐   faxed and mailed by first class United States mail, postage prepaid, to the following:

s/Jonah Harrison
Jonah O. Harrison, WSBA #34576
Attorney for Defendant T-Mobile
Stokes Lawrence, P.S.
800 Fifth Avenue, Suite 4000
Seattle, WA 98104
(206) 626-6000
Fax: (206) 464-1496
jonah.harrison@stokeslaw.com

DEFENDANT KOOK'S CUSTOM HEADERS, INC.'S MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION - C08-00268 RSL

STOKES LAWRENCE, P.S.
800 FIFTH AVENUE, SUITE 4000
SEATTLE, WASHINGTON 98104-3179
(206) 626-6000

47194-001 \ 352038.doc    -11-