UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GLOBAL DNS, LLC,

    Plaintiff,

    v.

KOOK'S CUSTOM HEADERS, INC.,

    Defendant.

Case No. C08-0268RSL

ORDER GRANTING
MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on a motion to dismiss filed by defendant Kook's Custom Headers, Inc. Defendant contends that the Court lacks subject matter jurisdiction over this matter because there is no case or controversy. For the reasons set forth below, the Court grants defendant's motion.

## II. DISCUSSION

**A.    Background Facts.**

Plaintiff Global DNS, LLC ("Global") is a technology company engaged in a wide range of internet-based commercial activities including software design, e-mail services, and website marketing. It also sells and monetizes domain names. It strives to register

ORDER GRANTING
MOTION TO DISMISS - 1

domain names consisting of generic dictionary terms to reduce the likelihood of engaging in an infringing use of another party's mark.

Defendant manufactures, installs, and distributes custom headers (high performance exhaust manifolds) and other exhaust system parts for automobiles and motorcycles. It registered the KOOKS trademark in August, 2001.

Global registered the <kooks.com> domain name (the "domain name") in 1997 and is the owner of the domain name. It previously operated the page as a "parking page" that offered advertisements and links to content provided by search engines in exchange for click-based royalty payments from the search engines. The web site included, at the top of the site, "Kooks Headers." Clicking on that link generated a page of sponsored links, including links to defendant's third party competitors.

In February 2008, defendant filed an administrative complaint (the "WIPO" complaint) seeking to have the domain name transferred to it. It alleged that Global registered and used the domain name in bad faith. The same day, Global filed this action with this Court. After it received the WIPO complaint, Global dissociated the domain name from the domain parking services, removed all content directed to Kooks Custom Headers and its competitors, and posted its own content on the website relating to the WIPO dispute and this action. The new content states that Global wants to "mak[e] it expensive" for defendant and "absolutely refuse[s] to make it cheap and easy." Declaration of Jonah Harrison, (Dkt. #22) ("Harrison Decl."), Ex. 4. The content also reminds defense counsel, "Don't Forget to Bill You Client!" Id.

The WIPO panel denied defendant's complaint because defendant had not shown that Global registered the name in bad faith, a necessary element of its claim. However, it found that Global used the name in bad faith. As discussed more fully below, in

August 2008, defendant's president executed a covenant not to sue Global for the past and present content on the domain name. Harrison Decl., Ex. 8.

In this action, Global seeks a declaration to establish that its registration and use of the domain name is lawful under the Lanham Act, 15 U.S.C. § 1125 *et seq.*, and the Anti-cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d). Plaintiff also seeks to cancel defendant's KOOKS mark because, it alleges, defendant committed fraud upon the United States Patent and Trademark Office ("PTO").

**B.  Analysis.**

As an initial matter, the Court considers the scope of the record. "A district court ruling on a motion to dismiss may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading." Parrino v. FHP, Inc., 146 F.3d 699, 705 (9th Cir. 1998) (internal citation and quotation omitted). Both parties have submitted additional documents for the Court to consider, including the WIPO complaint, the WIPO decision, and the covenant not to sue. The parties do not dispute the authenticity of those documents. The Court has considered the additional documents.

**1.  The Timeliness of Defendant's Motion.**

Plaintiff has moved to dismiss some of defendant's affirmative defenses, including its defense of lack of subject matter jurisdiction, as untimely.[1] Federal Rule of Civil Procedure 12(b) provides that a motion asserting lack of subject matter jurisdiction must be made before the party asserting it files its answer. Defendant, however, filed its answer prior to filing its motion to dismiss. Nevertheless, the Court considers

---

[1] Because the Court finds, below, that it lacks subject matter jurisdiction, the validity of the remainder of defendant's affirmative defenses is moot.

defendant's motion to dismiss because the defense of lack of subject matter jurisdiction is not subject to waiver. Fed. R. Civ. P. 12(h). The Court must dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). In fact, plaintiff has not cited any cases in which a court dismissed an affirmative defense of lack of subject matter jurisdiction as untimely. Accordingly, Global's request to dismiss the defense as untimely presented is denied. The Court will consider whether it has subject matter jurisdiction over this action.

### 2. The Merits of Defendant's Motion.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides, "In a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." The Supreme Court has explained the actual controversy requirement as follows: "The disagreement must not be nebulous or contingent but must have taken on fixed and final shape so that a court can see what legal issues it is deciding, what effects its decision will have on the adversaries, and some useful purpose to be achieved in deciding them." Public Serv. Comm'n of Utah v. Wycoff Co., 344 U.S. 237, 244 (1952); see also Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241 (1937) (explaining that a controversy must not be "an advisory opinion advising what the law would be upon a hypothetical state of facts"). The burden is on the party claiming declaratory judgment jurisdiction to establish that such jurisdiction existed at the time the claim for declaratory relief was filed and that it has continued since. See, e.g., Steffel v. Thompson, 415 U.S. 452, 459 n.10 (1974). On a motion to dismiss a declaratory judgment claim, the Court assumes the truth of the allegations in the complaint and in the unopposed declarations. See, e.g., MedImmune, Inc. v. Genetech,

ORDER GRANTING
MOTION TO DISMISS - 4

Inc., 549 U.S. 118, 121 (2007).

To the extent that plaintiff attempts to assert a claim under the "reverse domain hijacking provision," 15 U.S.C. § 1114(2)(D)(v), it lacks standing to pursue that claim. That provision provides a cause of action for a "domain name registrant whose domain name has been suspended, disabled, or transferred . . . ." Undisputedly, the domain name has not been subject to any of those actions.

Defendant argues that there is no actual controversy because it executed the covenant not to sue. That covenant means that there is no case or controversy regarding the past or present content posted to the domain name. It is undisputed that there is no controversy regarding Global's current conduct, including any content currently on the <kooks.com> web site.

The controversy, if one exists, relates to how Global may use the domain name in the future. Plaintiff's Response at p. 7 ("This case presents a justiciable controversy–whether and how Global DNS may imminently use the Domain Name without incurring liability to Defendant for violating the ACPA"). In the covenant not to sue,[2] defendant reserved the right to pursue remedies in the event that Global reintroduced the objectionable content on the web site.[3] However, there is no evidence

---

[2] Plaintiff argues that there is a fact issue regarding the effect of the covenant not to sue. However, the Court has not identified any fact issue regarding the covenant's scope or effect. Furthermore, its effect is a legal issue which the Court may decide in ruling on this motion. See, e.g., Benitec Australia, Ltd. v. Nucleonics, Inc., 495 F.3d 1340, 1347-48 (Fed. Cir. 2007) (granting motion to dismiss for lack of subject matter jurisdiction based on covenant not to sue).

[3] Harrison Decl., Ex. 8 ("This covenant in no way restricts Kooks Custom Headers' rights and/or remedies against Global DNS, legal and/or equitable, in the event that Global DNS re-introduces to <kooks.com> any of the content of Exhibit A, or engages in any other conduct which violates Kooks Custom Headers' rights, and all such

ORDER GRANTING
MOTION TO DISMISS - 5

1 that Global plans to do so. In fact, during the WIPO proceedings, Global's managing
2 member stated that had defendant contacted Global prior to filing the WIPO complaint,
3 Global "would have blocked the terms 'headers' and 'custom headers' from appearing on
4 the Website associated with the domain name." Harrison Decl., Ex. 6 (Declaration of
5 Brian Cartmell at ¶11). In fact, Global's filings are devoid of any information about
6 what, specifically, it intends to post on the site. Without some evidence that Global
7 intends to reintroduce content on the domain name that could violate defendant's rights,
8 there is no actual controversy.[4] Instead, the Court would be forced to speculate and offer
9 an impermissible advisory opinion about potential hypothetical future conduct.

In addition, the varied nature of Global's alleged plans for the domain name shows the hypothetical nature of any opinion. Global states that it intends to sell the domain name, use it as a revenue producing parked page, "or make some other imminent use of it without incurring liability under the ACPA." Declaration of Brian Cartmell, (Dkt. #28) at ¶ 21. Declaratory relief is not appropriate to resolve a dispute that, like this one, is based "on future contingencies that may or may not occur." See, e.g., Clinton v. Acequia, Inc.,

---

rights and remedies are hereby expressly reserved.").

[4] In contrast, in the cases on which plaintiff relies, the party seeking the declaratory judgment was already engaging or about to engage in allegedly violative conduct. See Societe de Conditionnement en Aluminum v. Hunter Eng'g Co., Inc., 655 F.2d 938, 944 (9th Cir. 1981) (emphasizing the importance of whether plaintiff is preparing to or has already begun to manufacture the potentially infringing product; noting that otherwise, the court is in danger of issuing an advisory opinion); Crowell v. Baker Oil Tools, Inc., 143 F.2d 1003, 1004 (9th Cir. 1944) (finding that an actual controversy existed based on "[a]ppellant's making of several infringing devices and his intent to cause the production of more"); Dewey & Almy Chem. Co. v. Am. Anode, Inc., 137 F.2d 68, 70 (3rd Cir. 1943) (finding an actual controversy where defendant had "publicly asserted such a scope for its patent claims as to embrace the similar methods practised [sic] commercially by" defendant).

ORDER GRANTING
MOTION TO DISMISS - 6

94 F.3d 568, 572 (9th Cir. 1996). Global's request for a declaration regarding whether it can use the domain name for "some other imminent use" is too vague and speculative to create an actual controversy. As for Global's professed intent to sell the domain name, there is no evidence or allegation in the case that defendant intends to prohibit it from doing so or to assert any claim based on a sale.

In an attempt to show a controversy, plaintiff contends, "Defendant has made clear that any such future use would cause Defendant to disregard the WIPO Ruling and file an ACPA action seeking statutory damages, attorneys' fees, and injunctive relief in federal district court in New York." Plaintiff's Response at p. 4. Plaintiff provides no evidence to support that assertion. Nor does it identify the claim defendant would assert. Defendant's WIPO complaint has been adjudicated, and defendant has not threatened any further action. Defendant's answer to the complaint in this matter does not include any counterclaims. Notably, defendant does not argue that plaintiff cannot use or monetize the domain name. Nor does it contend that plaintiff cannot use it as a parked page. Defendant's Reply at p. 3 ("Kooks Custom Headers never sought – nor does it seek now– to prevent Global DNS from 'commercial use of the Domain Name as a parking page with search results and ads.'"). At present, there is no evidence or allegation that plaintiff is engaging in objectionable conduct, so the Court is unable to determine what claims defendant might later assert. Any analysis of future conduct is, at best, speculative. Accordingly, the Court dismisses Global's claim under the Declaratory Judgment Act for lack of an actual controversy.

**3. Trademark Cancellation Proceedings.**

Any party may file a petition with the Trademark Trial and Appeal Board ("TTAB") of the PTO to cancel a federally registered trademark under 15 U.S.C. § 1064.

Courts also have the power to cancel registrations under 15 U.S.C. § 1119. However, if the "sole basis for a claim for declaratory judgment [is a request for cancellation of a federally registered trademark], the court should dismiss the case and relegate the party to the administrative process." J. Thomas McCarthy, 6 McCarthy on Trademarks § 32.55 (4th ed. 1996); <u>Universal Sewing Machine Co. v. Standard Sewing Equip. Corp.</u>, 185 F. Supp. 257, 259 (S.D.N.Y. 1960) (explaining that "one seeking cancellation offensively and relying solely upon that claim for federal jurisdiction would seem to be relegated to first exhausting his administrative remedies before resorting to the courts"). Plaintiff does not dispute this principle. Because the Court has dismissed plaintiff's other claims for declaratory relief, the Court also dismisses his claim under 15 U.S.C. § 1119. Plaintiff may pursue that claim with the TTAB.

### III. CONCLUSION

For all of the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Dkt. #21). The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiff.

DATED this 22nd day of September, 2008.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING
MOTION TO DISMISS - 8